IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION

STONEWATER ADOLESCENT RECOVERY CENTER          PLAINTIFF

v.                                            CIVIL ACTION NO. 3:19-cv-00231-GHD-RP

LAFAYETTE COUNTY, MISSISSIPPI                          DEFENDANT

## OPINION

Presently before the Court is the Plaintiff's motion for preliminary injunction [15] and the Defendant's request for the Court to abstain from hearing this matter pursuant to the abstention doctrine promulgated by the United States Supreme Court in *Colorado River Water Conservation District v. United States*, 424 U.S. 800 (1976). Upon due consideration, the Court finds that abstention pursuant to *Colorado River* is appropriate. As further explained herein, the Court will stay, rather than dismiss, these proceedings under *Colorado River*, pending the outcome of the pending state court litigation.

### I.     Factual and Procedural Background

The Plaintiff, which operates a residential rehabilitation center near Oxford for adolescent males between 12-18 years of age who suffer from substance abuse and/or mental health disorders, filed its federal Complaint in this matter on October 24, 2019 [1]. The subject facility, which opened in March 2017 and encompasses approximately 65 acres, presently has 16 beds for resident patients and seeks to add 16 more beds per year for the next four years – to a total of 80 beds [Doc. 1, at p. 2]. The Plaintiff's proposed plan is subject to the Lafayette County Subdivision Regulations, which places it under the purview of the Lafayette County Planning Commission and the Lafayette County Board of Supervisors, which have authority to approve or deny the requested expansion [Doc. 1, at p. 5].

In November 2017, the Plaintiff submitted its expansion plan to the Planning Commission [Doc. 1, at p. 6]. The Commission held a hearing on November 28, 2017, and denied the Plaintiff's request [*Id.*]. The Plaintiff then appealed the Commission's decision to the Lafayette County Board of Supervisors, which is the sole defendant in this litigation [Doc. 1, at p. 7]. After the Plaintiff submitted numerous requests seeking to delay the Board from conducting a hearing relative to the Plaintiff's expansion request, the Defendant held a hearing on June 3, 2019, and ultimately denied the Plaintiff's appeal [Doc. 1, at p. 10]. Pursuant to Section 11-51-75 of the Mississippi Code, the Plaintiff then filed an appeal of the Defendant Board's decision with the Lafayette County Circuit Court on June 12, 2019, over four months prior to the filing of the present suit, arguing, *inter alia*, that the Board's decision was arbitrary and capricious and in violation of the Fair Housing Act ("FHA", 42 U.S.C. §§ 3602, 3604) and the Americans with Disabilities Act ("ADA", 42 U.S.C. §§ 12102, 12132) [Doc. 18-6, at p. 2]. That appeal remains pending before the state circuit court.

This litigation followed on October 24, 2019, with the Plaintiff asserting claims for violation of the FHA and ADA, both of which are likewise asserted in the state court litigation, alleging that the Board's denial discriminates against the Plaintiff's putative future handicapped and/or disabled clients [1]. The Plaintiff has now filed a Motion for Preliminary Injunction [15], seeking to have the Court order the Defendant to permit the Plaintiff's proposed addition to its site plan and facility. The Defendant opposes the motion and has requested that this Court abstain from hearing this matter pursuant to the abstention doctrine set forth by the U.S. Supreme Court in *Colorado River Water Conservation District v. United States*, 424 U.S. 800 (1976).

## II. Standard for Abstention under *Colorado River*

Under the Supreme Court's *Colorado River* abstention doctrine, when the proceedings in

2

two actions pending in state and federal court are sufficiently parallel, the federal court is to consider the following six factors in deciding whether abstention on its part is appropriate:

(1) the assumption of jurisdiction over any real property by either court;

(2) relative inconvenience of either of the forum courts;

(3) avoidance of piecemeal litigation;

(4) the order in which each of the courts obtained jurisdiction;

(5) the extent to which federal law controls; and

(6) the adequacy of the state court proceedings to protect the rights of the party invoking federal jurisdiction.

*Stewart v. W. Heritage Ins. Co.*, 438 F.3d 488, 491 (5th Cir. 2006).

Here, the Defendant argues that, under *Colorado River*, this Court should abstain and dismiss or stay this matter based on the parallel state court action that the Plaintiff filed some four months before filing the instant Complaint [Doc. 19, at pp. 10-12].

### III. Analysis and Discussion

In its state court appeal of the Board's decision, the Plaintiff contends both that the Board's decision was arbitrary and capricious and that the Board's decision violates the FHA and ADA, thereby overlapping completely with the issues and claims raised in the case *sub judice* [Compare Doc. No. 1 with Doc. No. 18-6, at pp. 20-21]. The Defendant in turn argues that the instant case should be dismissed or stayed pursuant to the Supreme Court's *Colorado River* abstention doctrine.[1]

In *Colorado River*, the Supreme Court recognized a district court's authority to abstain

---

[1] Regardless of the form of the Defendant's request, the Court is under a continuing duty to examine its jurisdiction in all matters and the Fifth Circuit has made clear that district courts may address the propriety of abstention *sua sponte*. *Lawrence v. McCarthy*, 344 F.3d 467, 470 (5th Cir. 2003); *Murphy v. Uncle Ben's, Inc.*, 168 F.3d 734, 737 n.1 (5th Cir. 1999); *Biel v. Bekmukhamedova*, 964 F. Supp. 2d 631, 633 n.1 (E.D. La. 2013).

from exercising jurisdiction over parallel state and federal proceedings because of "considerations of '[w]ise judicial administration, giving regard to conservation of judicial resources and comprehensive disposition of litigation.' " *Colorado River*, 424 U.S. at 817. Specifically, a district court may abstain and dismiss or stay the proceedings before it if parallel state and federal actions exist and exceptional circumstances warrant abstention. *See id.* at 817–19; *Stewart*, 438 F.3d at 491. Abstention under the *Colorado River* doctrine applies "when suits are parallel, having the same parties and the same issues." *Diamond Offshore Co. v. A&B Builders, Inc.*, 302 F.3d 531, 540 (5th Cir. 2002)). "The party seeking a stay or dismissal of the federal case in the event of concurrent state and federal suits bears the burden of establishing the propriety of abstention under *Colorado River*." *Turner v. Pavlicek*, No. H–10–00749, 2011 WL 4458757, at *4 (S.D. Tex. Sept. 22, 2011).

First, the court will consider if the proceedings are parallel, and, if they are, the Court will then review the six pertinent factors in determining if abstention is appropriate. *African Methodist Episcopal Church v. Lucien*, 756 F.3d 788, 797 (5th Cir. 2014) ("As an initial step, before applying the factors, the court must determine if litigation is sufficiently parallel") (internal quotations omitted).

### a. Parallel Proceedings

As a threshold matter, the Court must determine whether there are pending parallel state and federal proceedings. The federal and state court suit should involve the same parties and the same issues for the litigation to be considered parallel. *Stewart*, 438 F.3d at 491. A parallel proceeding exists if there is a "substantial similarity" between the state and federal proceedings, which occurs when there are similar parties and "a substantial likelihood that the state proceeding will fully dispose of the claims presented in the federal court." *Id.*; *Brandi's Hope Community*

*Services, LLC v. Graf*, No. 1:18-CV-22-NBB-RP, 2018 WL 3520126, at *2 (N.D. Miss. 2018).

In the case *sub judice*, both the state and federal proceedings involve the same identical parties. Additionally, both the state and federal court proceedings involve the same dispute and the same claims. Because the two proceedings present the same issue and claims - related to the Plaintiff's denied request to expand its facilities - any decision rendered in the state court appeal "will fully dispose of the claims presented" in this proceeding. See *Air Evac EMS, Inc. v. Tex., Dep't of Ins., Div. of Workers' Comp.*, 851 F.3d 507, 520 (5th Cir. 2017) (holding that, in making this determination, a court should "look both to the named parties and to the substance of the claims asserted to determine whether the state proceeding would be dispositive of a concurrent federal proceeding."). The focus is on the ultimate impact on the *federal* proceeding, such that "[t]he critical question is whether there is a substantial likelihood that the state litigation will dispose *of all claims* presented in the federal case." *Huon v. Johnson & Bell, Ltd.*, 657 F.3d 641, 646 (7th Cir. 2011) (emphasis added); *Wittner v. Schwartz*, No. 3:19-CV-3-DMB-JMV, 2020 WL 853543, at *2 (N.D. Miss. Feb. 20, 2020).

Here, because the Plaintiff has asserted both its FHA and ADA claims in its state court appeal, and those are the sole claims pending in this court, the Court finds that there is a substantial likelihood that the state litigation will dispose of the claims pending in this federal proceeding. Accordingly, the Court finds that these suits are parallel. Because the Court has determined that these proceedings are parallel, it must now consider the *Colorado River* factors to determine if the circumstances warrant abstention.

b. *Colorado River* Factors

As noted above, once the Court has found the two actions to be sufficiently parallel, the Court must then consider the following factors to determine whether circumstances exist that warrant abstention:

(1) the assumption of jurisdiction over any real property by either court;

(2) relative inconvenience of either of the forum courts;

(3) whether maintaining separate actions may result in piecemeal litigation;

(4) the order in which jurisdiction was obtained by each court;

(5) whether state or federal law controls; and

(6) the adequacy of the state court proceedings to protect the rights of the party invoking federal jurisdiction.

*Kelly Inv., Inc. v. Cont'l Common Corp.*, 315 F.3d 494, 497 (5th Cir. 2002) (citing *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 16, 103 S. Ct. 927 (1983)).

*1. Is there real property over which one court has established jurisdiction?*

The Court finds that, given the nature of this dispute and the Plaintiff's request that the state court and this Court effectively dictate that the Defendant grant the Plaintiff's request to expand the use of the subject property, the Circuit Court has effectively established jurisdiction over the Plaintiff's property. In this respect, the above-cited case of *Brandi's Hope Community Services*, 2018 WL 3520126, is instructive. In *Brandi's Hope*, the plaintiff organization provided support services in Northeastern Mississippi to persons with intellectual and developmental disabilities. *Brandi's Hope Community Services*, 2018 WL 3520126, at *1. The organization leased a residence in Tupelo, Mississippi, and in turn subleased the residence to four unrelated disabled adults. *Id.* Members of the surrounding community opposed the plaintiff's use of the property and litigation in state court ensued. *Id.* Three months after the state court lawsuit was

filed, the owners of the plaintiff organization filed a federal lawsuit in this district, alleging that the defendants' actions violated the Fair Housing Act. *Id.* The defendants then moved the federal court to abstain from hearing the matter based upon *Colorado River* abstention. *Id.* In granting the defendant's motion and abstaining, the court noted that this factor of the analysis, whether either court had established jurisdiction over real property, was affirmatively met and weighed in favor of abstention. Likewise in this matter, the Court finds that the state court has effectively established jurisdiction over a *res* in this matter; the Court therefore finds that this factor weighs in favor of abstention.

### 2. Relative Inconvenience of Either Court

Under this factor, the Court finds that neither court can be considered inconvenient for the parties because both courts are located in northern Mississippi. The court therefore finds that this factor is neutral.

### 3. Avoidance of Piecemeal Litigation

The existence of piecemeal litigation was the court's primary reason for deciding to abstain in *Colorado River* because it sought to avoid inconsistent adjudication of the two separate cases. *Colorado River*, 424 U.S. at 824; see *Stewart*, 438 F.3d at 492, citing *Black Sea Inv. v. United Heritage Corp.*, 204 F.3d 647, 650-51 (5th Cir. 2000) (holding that when duplicative litigation exists, *Colorado River* prevents "piecemeal litigation, and the concomitant danger of inconsistent rulings with respect to a piece of property."); *Safway Servs., LLC v. P.A.L. Envtl. Safety Corp.*, No. 4:19-CV-8-SA-RP, 2019 WL 3806626, at *3 (N.D. Miss. Aug. 13, 2019). Accordingly, this factor is crucial to the Court's determination.

"Piecemeal litigation occurs when different tribunals consider the same issue, thereby duplicating efforts and possibly reaching different results." *LaDuke v. Burlington N.R. Co.*, 879

F.2d 1556, 1560 (7th Cir. 1989). Because the policies underlying the *Colorado River* abstention doctrine are "considerations of '[w]ise judicial administration,' " courts have given the *greatest weight* to considerations of avoiding piecemeal litigation in deciding whether abstention is appropriate. *Colorado River*, 424 U.S. at 817, 819 (holding that the most important factor in that case weighing in favor of abstention was the avoidance of piecemeal litigation).

The pertinent question with respect to this factor is whether the existence of piecemeal litigation presents a danger of inconsistent rulings. At issue in both the state and federal proceedings here is the Defendant's decision to deny the Plaintiff's expansion request. Additionally, the Plaintiff's state court appeal completely subsumes and duplicates the claims it has asserted in this action.[2] If the state and federal court proceedings were to continue simultaneously, both courts will have to consider the same evidence and laws to determine whether the Board's decision was lawful. The courts could reach different results on this question. Thus, there is a significant risk that this Court and the state court could duplicate efforts and reach different results with respect to the Plaintiff's FHA and ADA claims. Accordingly, the Court finds that piecemeal litigation exists and there is a danger of inconsistent results between the state court and this Court. The Court therefore finds that this factor weighs strongly in favor of abstention. *Safway Servs., LLC v. P.A.L. Envtl. Safety Corp.*, No. 4:19-CV-8-SA-RP, 2019 WL 3806626, at *4 (N.D. Miss. Aug. 13, 2019); see *LaDuke*, 879 F.2d at 1560–61 (district court did not abuse its discretion by abstaining under *Colorado River* when there was a danger of piecemeal litigation because "identical issues" would be litigated simultaneously in state and federal courts); see also

---

[2] The Plaintiff's state court brief clearly alleges that the Defendant violated both the ADA and FHA, the precise claims at issue in this lawsuit. Specifically, in its appeal, the Plaintiff avers that "the Board's decision to deny Stonewater's amended site plan was also discriminatory and illegal. ... the Board violated Stonewater's rights under the Fair Housing Act ("FHA") and Americans with Disabilities Act ("ADA")." [Doc. 18-6, at pp. 20-21]. The Plaintiff's appeal goes on to set forth the manner in which it alleges the Defendant's decision violated both the FHA and the ADA, much in the same manner it has set forth its claims in this lawsuit [1].

*Tyrer v. City of South Beloit, Ill.*, 456 F.3d 744, 756–57 (7th Cir. 2006) (affirming a district court's stay of proceedings when "the claims in the federal and state suits [were] predicated on the same facts and [would] be resolved largely by reference to the same evidence," resulting in "an undue risk of conflicting final judgments on the merits"); *Maritz v. Starek*, No. 4:05CV2093 JCH, 2006 WL 1026925, at *8 n. 2 (E.D. Mo. Apr. 18, 2006) (stating that this factor pointed in favor of abstention when state and federal proceedings could result in contradictory interpretations of a trust clause).

Accordingly, given the identity of claims in the two proceedings and the danger of inconsistent rulings, the Court finds that this factor weighs strongly in favor of abstention.

### 4. The Order in Which Jurisdiction was Obtained by Each Court

Here, the state court litigation was filed some four months prior to the filing of the complaint in this matter – the Plaintiff's state court appeal was filed on June 12, 2019, and this lawsuit was filed on October 24, 2019. Further, as the Court has already observed, the claims in the state court appeal and this case are identical. Therefore, the court finds that this factor weighs strongly in favor of abstention. See, e.g., *Brandi's Hope*, 2018 WL 3520126, at *3 (holding that this factor weighed in favor of abstention when state court suit was filed less than four months prior to initiation of federal action); *Maritz*, 2006 WL 1026925, at **4–5, *8 (holding that fifth factor weighed in favor of abstention even though federal plaintiff filed his complaint on November 7, 2005, and federal defendant amended her state court petition on December 9, 2005, because related state court proceeding had been originally initiated by non-parties to the federal proceeding in 2003).

### 5. Does state or federal law control?

In the case *sub judice*, the Plaintiff asserts federal claims for violations of the FHA and

ADA in its state court litigation; no additional federal claims are pending before this Court. The Plaintiff's federal claims that are before this Court are therefore subsumed within the Plaintiff's state court appeal. Because the state court has jurisdiction to consider the Plaintiff's claims, and has had the Plaintiff's claims before it for four months longer than this court, the court finds that this factor is neutral.[3]

### 6. Is the state forum adequate to protect the federal plaintiff's rights?

Here, neither party alleges that the Circuit Court, which first had jurisdiction and which has the Plaintiff's federal claims pending before it, is inadequate to protect the Plaintiff's federal rights. The Court likewise finds that Circuit Court can ably protect the Plaintiff's federal rights; as noted above, Circuit Courts in Mississippi are courts of general jurisdiction and Mississippi Circuit Courts frequently adjudicate both FHA and ADA claims. Accordingly, the Court finds that this factor weighs in favor of abstention.

In sum, from the analysis of the six factors, the court concludes that factors 1, 3, 4, and 6 weigh in favor of abstention, and that in particular the most crucial factor, the avoidance of piecemeal litigation, weighs strongly in favor of abstention because the Plaintiff's state court appeal will likely be determinative of the Plaintiff's claims in this Court. The Court further finds that factors 2 and 5 are neutral, and that none of the factors weigh against abstention. Accordingly, this case presents circumstances that warrant abstention, and the Court will abstain in favor of the state court proceeding. See *Colorado River,* 424 U.S. at 819–20.

---

[3] In Mississippi, Circuit Courts are courts of general jurisdiction; as such, the Circuit Court of Lafayette County has jurisdiction over the Plaintiff's FHA and ADA claims. *Derr Plantation, Inc. v. Swarek,* 14 So. 3d 711, 716 ("circuit courts have general jurisdiction"); *see* MS Const. Art. 6, Sect. 156 ("The circuit court shall have original jurisdiction in all matters civil and criminal in this state . . ."). In addition, Mississippi Circuit Courts frequently assume jurisdiction over and adjudicate both ADA and FHA claims, the sole claims presently pending before this Court. See, e.g., *Estate of Kiihnl v. Family Dollar Stores of Mississippi, Inc.,* 197 So. 3d 920 (Miss. Ct. App. 2016) (Circuit Court adjudicated plaintiff's ADA claim); *Roundstone Development, LLC v. City of Natchez,* 105 So. 3d 342 (Miss. Ct. App. 2011) (Circuit Court adjudicated plaintiff's FHA claim).

## IV. Conclusion

In sum, for all of the foregoing reasons, considering the relevant factors and looking at the totality of the circumstances, the Court finds that abstention under *Colorado River* is appropriate. The Court finds, however, that a stay of this proceeding, rather than dismissal, is most appropriate. Accordingly, the Court shall stay the proceedings in this action until the Plaintiff's pending state Circuit Court appeal has been resolved. The parties shall notify this Court within fourteen days of the conclusion of the Plaintiff's state court appeal.

An order in accordance with this opinion shall issue this day.

THIS, the 9th day of April, 2020.

/s/ Glen H. Davidson
SENIOR U.S. DISTRICT JUDGE

11