IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION

STONEWATER ADOLESCENT RECOVERY CENTER          PLAINTIFF

V.                                  CIVIL ACTION NO. 3:19-cv-00231-GHD-RP

LAFAYETTE COUNTY BOARD OF SUPERVISORS           DEFENDANT

**OPINION GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

Presently before the Court is the Defendant's motion for summary judgment [54]. Upon due consideration, the Court finds that the motion should be granted and this matter dismissed.

**Factual and Procedural Background**

The Plaintiff, which operates a residential rehabilitation center near Oxford for adolescent males between 12-18 years of age who suffer from substance abuse and/or mental health disorders, filed its federal Complaint in this matter on October 24, 2019 [1]. The subject facility, which opened in March 2017 and encompasses approximately 65 acres, presently has 16 beds for resident patients and seeks to add 16 more beds per year for the next four years – to a total of 80 beds [Doc. 1, at p. 2]. The Plaintiff's proposed plan is subject to the Lafayette County Subdivision Regulations, which places it under the purview of the Lafayette County Planning Commission and the Lafayette County Board of Supervisors, which have authority to approve or deny the requested expansion [Doc. 1, at p. 5].

In November 2017, the Plaintiff submitted its expansion plan to the Planning Commission [Doc. 1, at p. 6]. The Commission held a hearing on November 28, 2017, and denied the Plaintiff's request [*Id.*]. The Plaintiff then appealed the Commission's decision to the Lafayette County Board of Supervisors, which is the sole defendant in this litigation [Doc. 1, at

p. 7]. The Defendant Board held a hearing on June 3, 2019, and ultimately denied the Plaintiff's appeal [Doc. 1, at p. 10]. Pursuant to Section 11-51-75 of the Mississippi Code, the Plaintiff then filed and briefed an appeal of the Defendant Board's decision with the Lafayette County Circuit Court on June 12, 2019, over four months prior to the filing of the present suit, arguing, *inter alia*, that the Board's decision was arbitrary and capricious and in violation of the Fair Housing Act ("FHA", 42 U.S.C. §§ 3602, 3604) and the Americans with Disabilities Act ("ADA", 42 U.S.C. §§ 12102, 12132) [Doc. 18-6, at p. 2]. The state Circuit Court held a hearing regarding the Plaintiff's appeal on July 14, 2020, and entered an Order on July 27, 2020, affirming the decisions of the Lafayette County Planning Commission and the Lafayette County Board of Supervisors, thereby denying the Plaintiff's appeal.

This parallel litigation was commenced on October 24, 2019, with the Plaintiff asserting claims for violation of the FHA and ADA, both of which were likewise asserted in the state court litigation, alleging that the Board's denial discriminates against the Plaintiff's putative future handicapped and/or disabled clients [1]. The Plaintiff filed a Motion for Preliminary Injunction [15], seeking to have the Court order the Defendant to permit the Plaintiff's proposed addition to its site plan and facility. The Defendant opposed the motion and requested that this Court abstain from hearing this matter pursuant to the abstention doctrine set forth by the U.S. Supreme Court in *Colorado River Water Conservation District v. United States*, 424 U.S. 800 (1976). In an opinion and order dated April 9, 2020, this Court abstained pending the conclusion of the Plaintiff's state court appeal. After the state court affirmed the Defendant's decision to deny the Plaintiff's proposed expansion, the Defendant filed the pending motion for summary judgment in this litigation, seeking dismissal in this Court of the Plaintiff's remaining claims, arguing that the Plaintiff's claims are barred by the doctrine of *res judicata*.

2

### Standard for *Res Judicata*

The issue before the Court is whether *res judicata* bars the Plaintiff's claims. "To determine the preclusive effect of a state court judgment in a federal action, federal courts must apply the law of the state from which the judgment emerged." *Black v. N. Panola School Dist.*, 461 F.3d 584, 588 (5th Cir. 2006) (quotation marks omitted). Accordingly, Mississippi law applies to this case.

*Res judicata* is a doctrine that bars claims that were litigated or should have been litigated in a previous action. *Hill v. Carroll Cty.*, 17 So.3d 1081, 1084-85 (Miss. 2009). Under Mississippi law, "it is frequently recognized that the rule of *res judicata* applies when an order or decision of an administrative agency in the exercise of a quasi-judicial or adjudicatory power has been affirmed by a reviewing court." *City of Jackson v. Holliday*, 246 Miss. 412, 149 So.2d 525, 527-28 (1963) (quotation marks omitted).

"For the bar of *res judicata* to apply in Mississippi there are four identities that must be present: (1) identity of the subject matter of the action; (2) identity of the cause of action; (3) identity of the parties to the cause of action; and (4) identity of the quality or character of a person against whom the claim is made." *Harrison v. Chandler-Sampson Ins., Inc.*, 891 So.2d 224, 232 (Miss. 2005). "In addition to the four identities, a fifth requirement is that the prior judgment must be a final judgment that was adjudicated on the merits." *EMC Mortg. Corp. v. Carmichael*, 17 So.3d 1087, 1090 (Miss. 2009). The court will herein address each requirement.

### Analysis and Discussion

The Plaintiff appealed the Board's decision to the Circuit Court of Lafayette County, Mississippi, on June 12, 2019. In its briefing of the state court appeal of the Board's decision, the Plaintiff contended both that the Board's decision was arbitrary and capricious, and that the

3

Board's decision violated the FHA and ADA, thereby overlapping completely with the issues and claims raised in the case *sub judice* [Compare Doc. No. 1 with Doc. No. 18-6, at pp. 20-21, 25-26]. During the hearing, the Circuit Court made clear that the Plaintiff had a full and fair opportunity to argue the claims presently pending in this Court, which the Plaintiff had likewise asserted in its appeal brief to the Circuit Court as grounds for reversal of the Board's decision [Doc. 54-4, at pp. 8-9; Doc. 18-6 at pp. 20-21, 25-26.].[1] The Circuit Court ultimately ruled in favor of the Defendant and affirmed that the decisions of the Planning Commission and Defendant Board of Supervisors were "not arbitrary or capricious, and that Stonewater has not otherwise shown in the record that the decisions violated its constitutional or statutory rights." [Doc. 62-1].

### A.  Identities of the Subject Matter and the Cause of Action

The first two *res judicata* identities, subject matter and cause of action, are related, and the Court finds that both are met here. The Supreme Court of Mississippi has "defined subject matter as the 'substance' of the lawsuit." *Hill*, 17 So.3d at 1085. The cause of action identity is similar. "The identity referred to in this portion of the analysis is the identity of the *underlying facts and circumstances* upon which a claim has been brought." *EMC*, 17 So.3d at 1090 (emphasis in original). The Mississippi Supreme Court has "further noted that in cases involving claim preclusion, this distinction [between a different claim as opposed to an additional legal theory] is indeed very important and requires that the parties, as well as the courts, distinguish between what body of fact constitutes a claim and what legal theories attach to that body of fact."

---

[1] While the Plaintiff had previously sought to voluntarily dismiss its federal claims from the state court litigation [Doc. 54-1], presumably to pursue those claims solely in this Court, the state Circuit Court denied the Plaintiff's motion to voluntarily dismiss those claims [Doc. 54-3], thereby leaving those claims pending in the state court appeal. The Plaintiff then tried again, after some confusion during the hearing, to have the state Court agree to sign an order that carved out the federal claims from the state court litigation [Doc. 54-5]; the state Court declined and instead signed the final order submitted by the Defendant's counsel, the language of which is discussed herein [Docs. 54-6, 62-1].

4

*Hill*, 17 So.3d at 1085 (alteration in original). Indeed, in interpreting Mississippi law, the Fifth Circuit has recognized that "in the res judicata context, a cause of action is a group of operative facts that entitles a petitioner to seek remedy in court." *Black*, 461 F.3d at 589. To further illustrate how the subject matter and cause of action identities work in tandem, the Fifth Circuit in *Black* explained:

> [T]he subject matter of both the first and second suit can be described as the sexual assault of Jane Doe. The causes of action are the underlying facts giving rise to Jane Doe's claims: her sexual assault at the hands of two boys in her unsupervised classroom. Identical factual allegations of sexual assault support the legal theories in both lawsuits. Accordingly, there are identities of subject matter and cause of action.

*Id.* at 591-92. "Thus, identity of subject matter turns on a general characterization of the suit. It is the substance of the action. By contrast, identity of cause of action is defined by the underlying group of facts giving rise to a claim." *Id.* at 591.

The Court notes that the *res judicata* bar applies only to those "grounds for, or defenses to, recovery that were *available* to the parties in the first action." *Chandler-Sampson*, 891 So.2d at 232 (quoting *Alexander v. Elzie*, 621 So.2d 909, 910 (Miss. 1992)) (emphasis added). In the case *sub judice*, as noted above, the "grounds for recovery" asserted in this case were fully available to the Plaintiff in the state court appeal; indeed, the Plaintiff briefed the current claims in its appeal brief. The Circuit Court, performing its appellate role, also made clear during the hearing that it was prepared to hear argument related to all of the Plaintiff's claims, and ultimately ruled that none of the Plaintiff's constitutional or statutory rights were violated by the Commission's and Defendant Board's decision to deny the Plaintiff's proposed expansion. [Doc. Doc. 54-4, at pp. 8-9; Doc. 62-1.]²

---

² While an exception to *res judicata* exists when the defendant has agreed to sever the subject claims into another lawsuit, there is no evidence that the Defendant consented to do so in this case. *Chandler-Sampson*, 891

5

In the case *sub judice*, the Court finds that the subject-matter and cause-of-action identities are met - the Plaintiff's case in state court and this case have the same subject matter, namely, the Planning Commission's and the Board's decision to deny the Plaintiff's requested expansion. Additionally, the underlying facts and circumstances upon which both suits were brought are the same: the Plaintiff sought to expand its facility, went before the Planning Commission and then the Board of Supervisors attempting to receive permission for the sought-after expansion, and was denied. Accordingly, the Court finds that both the subject matter and cause of action identities are met.

**B.     Identities of the Parties and the Quality or Character of the Defendants**

The Court finds that both of these identities are met. In explaining the identity of the parties, the Mississippi Supreme Court has held that "[a]lthough identity of the parties is a necessary element of *res judicata*, this Court has repeatedly held that strict identity of parties is not necessary for either *res judicata* or collateral estoppel to apply, if it can be shown that a nonparty stands in privity with the party in the prior action." *EMC*, 17 So.3d at 1090-91 (quotation marks omitted). In any event, the parties to this litigation and the state court litigation are identical. The Court therefore finds that both of these identities have been met.

**C.     Final Judgment on the Merits**

The Court finds that the state Circuit Court's judgment represents a final judgment on the merits, satisfying *res judicata*'s fifth requirement. "In addition to the four identities, a fifth requirement is that the prior judgment must be a final judgment that was adjudicated on the merits." *EMC*, 17 So.3d at 1090. "A final judgment on the merits is [a] judgment based on the evidence rather than on technical or procedural grounds." *Estate of White v. White*, 152 So.3d

---

So.2d at 234 (a prior judgment will not bar later litigation when "the defendant consented to the splitting of the plaintiff's cause of action" (quoting Restatement (First) of Judgments § 62(c) (1942))).

6

314, 317 (Miss. 2014) (quotation marks omitted) (alteration in original).

Here, the Circuit Court entered a final judgment on the merits. It did not dismiss the Plaintiff's appeal on a technical or procedural ground. Rather, it reviewed the appeal briefs, the evidence, and the arguments presented at the hearing, and then ruled on the merits, explaining, in its view, that the Plaintiff did not show that the Defendant's decision violated the Plaintiff's constitutional or statutory rights. [Doc. 62-1]. The Circuit Court further ruled that the Defendant's decision to deny the Plaintiff's requested expansion was supported by substantial evidence and was not arbitrary or capricious. [Id.] The Circuit Court then affirmed the decision of the Planning Commission and Defendant to deny the Plaintiff's requested expansion. Thus, the Court finds that the Circuit Court entered a final judgment on the merits.

### D.   Full and Fair Opportunity to Litigate

Finally, the court concludes that the Plaintiff received a full and fair opportunity to litigate the pending claims in the Circuit Court. Accordingly, the Circuit Court's judgment retains its preclusive effect.

The Supreme Court has long held that 28 U.S.C. § 1738 "requires federal courts to give the same preclusive effect to state court judgments that those judgments would be given in the courts of the State from which the judgments emerged." *Kremer v. Chem. Const. Corp.*, 456 U.S. 461, 466, 102 S.Ct. 1883, 1889, 72 L.Ed.2d 262 (1982). A narrow exception exists, however, if a party received no "full and fair opportunity to litigate" his claims in the state court. *Id.* at 481 n.22, 102 S.Ct. at 1897 n.22. But showing that a party enjoyed a full and fair opportunity to litigate requires only that "state proceedings ... do no more than satisfy the minimum procedural requirements of the Fourteenth Amendment's Due Process Clause." *Id.* at 481, 102 S.Ct. at 1897. Satisfying these minimum procedural requirements is enough for state

7

court judgments to retain their preclusive effect in federal courts.

Importantly, that one "failed to avail himself of the full procedures provided by state law does not constitute a sign of their inadequacy" and thus that a party was deprived of a full and fair opportunity to litigate its claims. *Kremer*, 456 U.S. at 485, 102 S.Ct. at 1899; see *MEC, Inc. v. Lowndes County Board of Supervisors*, 759 Fed.Appx. 331 (5th Cir. 2019) (citing *Carter v. City of Emporia, Kan.*, 815 F.2d 617, 621 (10th Cir. 1987) ("If plaintiffs do not avail themselves of the full procedures provided by state law, this does not constitute a sign of their inadequacy.") and *Krison v. Nehls*, 767 F.2d 344, 348 (7th Cir. 1985) ("The fact that the prior state action was in the nature of certiorari to review an administrative proceeding does not deprive the earlier action of its preclusive effect if the court had the authority to review substantive legal claims beyond administrative review.")).

Here, the Mississippi appellate procedure that the Plaintiff followed comports with due process. The Mississippi statute stated that "[a]ny person aggrieved by a judgment or decision of the board of supervisors ... may appeal" to an appropriate Mississippi Circuit Court. Miss. Code Ann. § 11-51-75. The Plaintiff filed a Notice of Appeal, briefed the claims pending before this Court to the Circuit Court, and received a hearing regarding its appeal. Accordingly, the Court finds that the Circuit Court's judgment retains its preclusive effect under 28 U.S.C. § 1738.

For these reasons, the court concludes that all of *res judicata*'s elements are met and that the Defendant's motion for summary judgment should be granted and this matter dismissed.

## Conclusion

In sum, for all of the foregoing reasons, the Court finds that the doctrine of *res judicata*

8

applies and that the Defendant's motion for summary judgment should therefore be granted.

An order in accordance with this opinion shall issue this day.

THIS, the 27th day of July, 2021.

/s/ Glen H. Davidson
SENIOR U.S. DISTRICT JUDGE